876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack RINER, Plaintiff-Appellant,
v.
Mike GARDNER, Sheriff; Captain Hawkins; Frank Roach,
Former Deputy Sheriff; E. Hodge, Deputy Sheriff;
J. Dickenson, Deputy Sheriff; Jerry
Pratt, Lieutenant, Defendants-Appellees.
 No. 88-6227.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Jack Riner, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil right case filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief in the sum of six thousand dollars, plaintiff, a Tennessee prisoner, brought suit against (1) Frank Roach, alleging Roach assaulted him; (2) J. Dickenson and E. Hodges, alleging they unconstitutionally failed to protect him from Roach's attack; and (3) Sheriff Mike Gardner, Captain Lynn Hawkins and Lieutenant Jerry Pratt, claiming they violated his due process rights by failing to comport with the guidelines enunciated in Wolff v. McDonnell, 418 U.S. 539, 563-68 (1974), in a disciplinary hearing held regarding his attempted escape.
 
 
 3
 Judgment was entered for plaintiff as against Roach, but the court granted a directed verdict for defendants Hodge and Dickerson. The claim against Gardner, Hawkins and Pratt was heard without jury intervention. Finding that plaintiff's due process rights had not been violated, the district judge ordered the complaint as to these defendants dismissed with full prejudice. This appeal followed.
 
 
 4
 Upon consideration, we conclude that the district court did not err in granting defendants Hodge and Dickerson a directed verdict. King v. Love, 766 F.2d 962, 969 (6th Cir.), cert. denied, 474 U.S. 971 (1985). They cannot be held liable under Sec. 1983 for a civil rights violation committed by Roach merely because of their presence at the scene of the violation. See Bruner v. Dunaway, 684 F.2d 422 (6th Cir.1982). Absent some proof of their actual participation in the wrongdoing, defendants mere presence does not give rise to a constitutional violation sufficient to maintain a Sec. 1983 action. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Moreover, even if defendants' conduct were considered wrongful, the wrongful conduct would, at best, rise to the level of negligence. As such, due process was simply not implicated. See Daniels v. Williams, 474 U.S. 327 (1986); Franklin v. Aycock, 795 F.2d 1253, 1258-59 (6th Cir.1987).
 
 
 5
 Upon further consideration, we conclude that while a prisoner generally has a right to call witnesses in his behalf, Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974), prison officials must be afforded the discretion necessary to keep hearings within reasonable limits. Ponte v. Real, 471 U.S. 491, 495-99 (1985); Wolff, 418 U.S. at 566-67. Hence, because the officials cited reasons for their denial of plaintiff's request to call witnesses and because there is no proof of arbitrariness in the denial, we conclude that plaintiff was afforded all the process due him.
 
 
 6
 Finally, we conclude that because plaintiff was neither denied good time credit nor placed in disciplinary segregation, the question of what process was due him is controlled by the standards enunciated in Hewitt v. Helms, 459 U.S. 460, 472 (1983), and not those set forth in Wolff. See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988); Cf. Childs v. Pelligrin, 822 F.2d 1382, 1389-90 (6th Cir.1987). Hence, because the rules in effect at Sullivan County Jail did not create a liberty interest to 24 hours prior written notice, there could be no denial of such an interest. Hewitt, 459 U.S. at 466; Mayes v. Trammell, 751 F.2d 175, 179 (6th Cir.1984).
 
 
 7
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.